STEVEN J. SIBLEY (SBN 152365)
JOHN E.F. DINAPOLI (SBN 84365)
DINAPOLI & SIBLEY
Ten Almaden Boulevard, Suite 1250
San Jose, CA 95113-2277
Telephone:  (408) 999-0900
Facsimile:  (408) 999-0191
e-mail:     sjs@ dslaw.net

Attorneys for AARON L. KATZ, TRUSTEE OF THE KATZ TRUST CREATED 11/23/99, Plaintiff.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>GAYLORD C. LEMKE,<br><br>    Debtor.<br><br>———————————————<br><br>AARON L. KATZ, TRUSTEE OF THE KATZ TRUST CREATED 11/23/99,<br><br>    Plaintiff,<br><br>v.<br><br>GAYLORD C. LEMKE,<br><br>    Defendant. | Case No. 13-55642 ASW<br>Chapter 7<br><br>Adv. Pro.<br><br>COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT<br><br>11U.S.C. § 523(a)(2)(A)<br>11U.S.C. § 523(a)(2)(B)<br>11U.S.C. § 523(a)(4)<br>11U.S.C. § 523(a)(6) |

PLAINTIFF alleges

JURISDICTION

1. This adversary proceeding arises from Debtor\Defendant GAYLORD C. LEMKE'S chapter 7 bankruptcy case, assigned the case number listed above, which case is presently pending in the San Jose Division of this Court.

2. This adversary proceeding initiates an action as set forth in Fed. R. Bank. P. 7001(6). This Court has jurisdiction over this complaint and venue is proper pursuant to 28 U.S.C. §§ 151, 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I).

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT (Case No. 13-55642-ASW ) Adv. Pro.
C:\Users\Steven J. Sibley\Documents\Cases\Katz A\COMPLAINT.wpd

Case: 14-05018    Doc# 1    Filed: 02/10/14    Entered: 02/10/14 16:16:36    Page 1 of 13

## PARTIES

3. Plaintiff AARON L. KATZ, TRUSTEE OF THE KATZ TRUST CREATED 11/23/99, ("KATZ or "Plaintiff") resides in the State of Nevada.

4. Defendant GAYLORD C. LEMKE, (Debtor or Defendant) is a natural person and, on information and belief, resides within the jurisdictional district of this Court.

## FACTUAL BACKGROUND

5. Debtor was, at all relevant times, a licensed Real Estate Broker in California. During all relevant times, Debtor was the [Real Estate] Broker of Record and officer of SARATOGA BANCORP ("Saratoga"). Saratoga's business involved secured real estate loans. Saratoga's real estate loan business used funds raised from investors, secured by deeds of trust against the borrower's real estate. As Saratoga's Broker of Record, Debtor was responsible to supervise and monitor the work of Saratoga's agents and other personnel that concerned real estate lending. As Saratoga's Broker of Record, Debtor was further responsible to

6. KATZ was an investor in Saratoga, providing lending capital to Saratoga for loans secured by deeds of trust. During all relevant times, KATZ' decisions to invest in Saratoga were based on information and statements the Debtor was required to provide to KATZ, with the Debtor vouching for the accuracy and truthfulness of his statements to KATZ.

7. As part of Debtor's required duties as Saratoga's Broker of Record, Debtor had to maintain a trust account to hold investor funds, which were typically proceeds, owned by the investor, from borrower loan payments and loan pay-offs. Debtor's duties to KATZ included being a fiduciary of KATZ' funds held and to be held in the client trust account.

8. Prior to Plaintiff's decision to invest in Saratoga, Debtor was required to make representations to Plaintiff that all of Plaintiff's funds held or received by Saratoga would be deposited in a Client Trust Account. Debtor, as Saratoga's Broker of Record, was required to maintain and account for Plaintiff's funds held in trust and to treat those proceeds as Plaintiff's property, and to promptly return Plaintiff's proceeds at Plaintiff's demand and request.

9. Based upon Debtor's required representations and statements concerning investment

COMPLAINT TO DETERMINE DISCHARGEABILITY
OF DEBT                                       (Case No. 13-55642-ASW ) Adv. Pro.
C:\Users\Steven J. Sibley\Documents\Cases\Katz A\COMPLAINT.wpd

Case: 14-05018    Doc# 1    Filed: 02/10/14    Entered: 02/10/14 16:16:36    Page 2 of 13

funds and returns, KATZ became an investor in two Saratoga secured loan transactions. Both investments were based on separate written agreements as follows:

    a. **HATHAWAY Transaction** On or about February 8, 2008, KATZ, individually and on behalf of others, through Saratoga, lent Daniel and Jane Hathaway Two Hundred Sixty Five Thousand Dollars ($265,000) secured by a deed of trust in the Hathaways' property commonly known as 6720 Sycamore View Street, Las Vegas, Nevada. The Hathaway note provided for monthly payments at 12% per annum, with the entire note due and payable on or before April 1, 2013. The Hathaway Note provided that the borrower could pay off the Note's principal balance at any time without penalty.

On or about June 27, 2008, the Hathaway note was paid, including per diem interest, in the agreed-upon sum of $268,593.32. That amount was paid to Saratoga, and, as KATZ' property, was to be deposited in the Saratoga trust account maintained by Debtor.

    b. **PEARSON Transaction** On or about December 14, 2007, KATZ, through Saratoga, lent Elizabeth Pearson One Hundred Twenty Five Thousand Dollars ($125,000) secured by a deed of trust against Pearson's real property commonly known as 1310 West Palmer Street, Compton, California. The Pearson note provided for monthly payments at 12% per annum, with the entire note due and payable on or before February 1, 2013. The Pearson note provided that the borrower could pay off the Note's principal balance at any time without penalty.

On or about March 16, 2010, the Pearson note was paid, including per diem interest, in the agreed-upon sum of $145,139, of which $134,021.74 was KATZ' property. That amount was paid to Saratoga, and, as KATZ' property, were to be deposited in the Saratoga trust account maintained by Debtor.

10. At all relevant times, Debtor represented to Plaintiff that he was properly and timely accounting for and maintaining Plaintiff's property in his control.

11. However, and in breach of the trust, confidence and reliance placed in Defendant by Plaintiff, Defendant committed the following acts (and others, to be determined and

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT (Case No. 13-55642-ASW ) Adv. Pro.
C:\Users\Steven J. Sibley\Documents\Cases\Katz A\COMPLAINT.wpd

Case: 14-05018   Doc# 1   Filed: 02/10/14   Entered: 02/10/14 16:16:36   Page 3 of 13

discovered), which acts and\or omissions damaged Plaintiff as follows:

    a. Contrary to his required duties and obligations, Debtor did not deposit or maintain Plaintiff's funds in a Client Trust Account. Instead, Debtor deposited Plaintiff's funds in an account which balance was subject to unauthorized debits and withdrawals, not related to Plaintiff's funds.

    b. Defendant gave all of Plaintiff's property to others, without Plaintiff's prior knowledge or consent;

    c. Defendant breached his fiduciary duties owed to Plaintiff by failing to properly account for, maintain and protect Plaintiff's property by not maintaining Plaintiff's property in a trust account, transferring Plaintiff's property to others, despite Debtor's obligation to hold in trust, preserve and protect Plaintiff's property.

    d. Defendant did not disclose to Plaintiff Saratoga's unlawful practice of using Plaintiff's property without Plaintiff's consent.

12. Plaintiff demanded return of his Hathaway and Pearson Note investment proceeds. Debtor did not return Plaintiff's property. Despite Plaintiff's numerous requests and demands, Debtor has not returned or disclosed the location(s) of Plaintiff's property.

## FIRST CLAIM FOR RELIEF
## ACTUAL FRAUD - 11 U.S.C. § 523(a)(2)(A) HATHAWAY NOTE

13. Plaintiff incorporates the allegations set forth in paragraphs 1 through 12 above as though fully set forth herein.

14. Defendant deliberately failed to make required representations to Plaintiff about Saratoga's custody of and use of Plaintiff's investment known as the Hathaway Note, and that the Defendant knew representations about the custody, care and use were required due to Debtor's status as Broker of Record for Saratoga.

15. The Defendant omitted required representations and actions referenced herein with the intention and purpose of deceiving Plaintiff.

16. The Plaintiff justifiably relied on Defendant's status as Broker of Record.

17. As a direct and proximate result of Defendant's representations and actions arising from Defendant's unauthorized use and conversion of Plaintiff's Hathaway Note investment, Plaintiff has sustained losses in excess of $265,000, and more, including accrued interest and other charges, in amounts according to proof.

WHEREFORE, Plaintiff prays for Judgment against Defendant, as set forth herein.

## SECOND CLAIM FOR RELIEF

### ACTUAL FRAUD - 11 U.S.C. § 523(a)(2)(A) PEARSON NOTE

18. Plaintiff incorporates the allegations set forth in paragraphs 1 through 12 above as though fully set forth herein.

19. Defendant deliberately failed to make required representations to Plaintiff about Saratoga's custody of and use of Plaintiff's investment known as the Pearson Note, and that the Defendant knew representations about the custody, care and use were required due to Debtor's status as Broker of Record for Saratoga.

20. The Defendant omitted required representations and actions referenced herein with the intention and purpose of deceiving Plaintiff.

21. The Plaintiff justifiably relied on the representations of Defendant.

22. As a direct and proximate result of Defendant's representations and actions arising from Defendant's unauthorized use and conversion of Plaintiff's Pearson Note investment, Plaintiff has sustained losses in excess of $134,021.74, and more, including accrued interest and other charges, in amounts according to proof.

## THIRD CLAIM FOR RELIEF

### OBTAINING MONEY, PROPERTY, SERVICES OR CREDIT - 11 U.S.C. § 523(a)(2)(A) - HATHAWAY NOTE.

23. Plaintiff incorporates the allegations set forth in paragraphs 1-12 above, as though fully set forth herein.

24. Defendant's fraudulent and unauthorized use of Plaintiff's property arising from his HATHAWAY NOTE Investment was a result of Defendant's false pretenses and fraudulent

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT (Case No. 13-55642-ASW ) Adv. Pro.
C:\Users\Steven J. Sibley\Documents\Cases\Katz A\COMPLAINT.wpd

Case: 14-05018    Doc# 1    Filed: 02/10/14    Entered: 02/10/14 16:16:36    Page 5 of 13

conduct or made with reckless disregard for the truth. Plaintiff did not inform Plaintiff that, as Saratoga's Broker of Record, he would not hold Plaintiff's Hathaway Note investment in trust and\or transfer all or portions of that investment to others, without Plaintiff's knowledge or consent. Debtor did not return Plaintiff's Hathaway Note Investment proceeds to him, which caused harm and damage Plaintiff, in amounts according to proof.

25. Plaintiff reasonably relied on Defendant's status and obligations as Broker of Record concerning the Hathaway Note investment, the payments arising from the investment, pay-off of the loan, the requirement of and safeguards to holding Plaintiff's funds in trust, that Debtor's actions were to advance and protect Plaintiff's claims, interests and business opportunities. .

26. As a direct and proximate result of Defendant's fraudulent conduct and actions as alleged herein, Plaintiff has been damaged in amounts in excess of $265,000, and in such other and further amounts as may be established according to proof.

WHEREFORE, Plaintiff prays for Judgment against Defendant as set forth herein.

## FOURTH CLAIM FOR RELIEF

## OBTAINING MONEY, PROPERTY, SERVICES OR CREDIT - 11 U.S.C. § 523(a)(2)(A) - PEARSON NOTE.

27. Plaintiff incorporates the allegations set forth in paragraphs 1-12 above, as though fully set forth herein.

28. Defendant's fraudulent and unauthorized use of Plaintiff's property arising from his PEARSON NOTE Investment was a result of Defendant's false pretenses and fraudulent conduct or made with reckless disregard for the truth. Plaintiff did not inform Plaintiff that, as Saratoga's Broker of Record, he would not hold Plaintiff's Pearson Note investment in trust and\or transfer all or portions of that investment to others, without Plaintiff's knowledge or consent. Debtor did not return Plaintiff's Pearson Note Investment proceeds to him, which caused harm and damage Plaintiff, in amounts according to proof.

29. Plaintiff reasonably relied on Defendant's status and obligations as Broker of Record concerning the Pearson Note investment, the payments arising from the investment, pay-off

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT (Case No. 13-55642-ASW ) Adv. Pro.
C:\Users\Steven J. Sibley\Documents\Cases\Katz A\COMPLAINT.wpd

Case: 14-05018    Doc# 1    Filed: 02/10/14    Entered: 02/10/14 16:16:36    Page 6 of 13

of the loan, the requirement of and safeguards to holding Plaintiff's funds in trust, that Debtor's actions were to advance and protect Plaintiff's claims, interests and business opportunities. .

30. As a direct and proximate result of Defendant's fraudulent conduct and actions as alleged herein, Plaintiff has been damaged in amounts in excess of $134,021.74, and in such other and further amounts as may be established according to proof.

WHEREFORE, Plaintiff prays for Judgment against Defendant as set forth herein.

## FIFTH CAUSE OF ACTION
## DEBTS OBTAINED THROUGH FALSE FINANCIAL STATEMENTS - HATHAWAY NOTE
## 11 U.S.C. § 523(a)(2)(B).

31. Plaintiff incorporates the allegations set forth in paragraphs 1-12 above, as though fully set forth herein.

32. Plaintiff provided Saratoga with money for the HATHAWAY NOTE based on written representations that Debtor, as Saratoga's Broker of Record, would safeguard and protect Plaintiff's Hathaway Note investment though use of a trust account, and that Plaintiff's Hathaway Note investment would be used in Plaintiff's business and activities.

33. In fact, the written representations were materially false. The true facts were that Defendant, as Saratoga's Broker of Record would not maintain or account for Plaintiff's Hathaway Note investment in a Client Trust Account, that Defendant would allow others access to all or part of the investment, without Plaintiff's prior knowledge or consent.

34. The Defendant's failure to correct the fraudulent misrepresentations referenced herein had the intention of deceiving Plaintiff as to the true nature and intent of the use of the Hathaway Note investment, money, property or credit received; and that such debt, money and property were incurred for unauthorized expenses and transfers, or were used for unauthorized purposes.

35. Plaintiff reasonably relied upon Defendant's failure to correct the written misrepresentations, and such reliance was reasonable based on Defendant's status as Broker of Record for Saratoga.

COMPLAINT TO DETERMINE DISCHARGEABILITY
OF DEBT                                                                                    (Case No. 13-55642-ASW ) Adv. Pro.
C:\Users\Steven J. Sibley\Documents\Cases\Katz A\COMPLAINT.wpd

Case: 14-05018    Doc# 1    Filed: 02/10/14    Entered: 02/10/14 16:16:36    Page 7 of 13

36. As a direct and proximate result of Defendant's fraudulent conduct and actions as alleged herein, Plaintiff has been damaged in amounts in excess of $265,000, accrued and unpaid interest, and in such other and further amounts as may be established according to proof.

WHEREFORE, Plaintiff prays for Judgment against Defendant as set forth herein.

## SIXTH CAUSE OF ACTION

### DEBTS OBTAINED THROUGH FALSE FINANCIAL STATEMENTS - PEARSON NOTE
### 11 U.S.C. § 523(a)(2)(B).

37. Plaintiff incorporates the allegations set forth in paragraphs 1-12 above, as though fully set forth herein.

38. Plaintiff provided Saratoga with money for the PEARSON NOTE based on written representations that Debtor, as Saratoga's Broker of Record, would safeguard and protect Plaintiff's Pearson Note investment though use of a trust account, and that Plaintiff's Pearson Note investment would be used in Plaintiff's business and activities.

39. In fact, the written representations were materially false. The true facts were that Defendant, as Saratoga's Broker of Record would not maintain or account for Plaintiff's Pearson Note investment in a Client Trust Account, that Defendant would allow others access to all or part of the investment, without Plaintiff's prior knowledge or consent.

40. The Defendant's failure to correct the fraudulent misrepresentations referenced herein had the intention of deceiving Plaintiff as to the true nature and intent of the use of the Pearson Note investment, money, property or credit received; and that such debt, money and property were incurred for unauthorized expenses and transfers, or were used for unauthorized purposes.

41. Plaintiff reasonably relied upon Defendant's failure to correct the written misrepresentations, and such reliance was reasonable based on Defendant's status as Broker of Record for Saratoga.

42. As a direct and proximate result of Defendant's fraudulent conduct and actions as

alleged herein, Plaintiff has been damaged in amounts in excess of $134,021.74, accrued and unpaid interest, and in such other and further amounts as may be established according to proof.

## SEVENTH CLAIM FOR RELIEF
## FIDUCIARY MISCONDUCT - 11 U.S.C. § 523(a)(4)
## HATHAWAY NOTE

43. Plaintiffs incorporate the allegations set forth in Paragraphs 1-12 above as though fully set forth herein.

44. As the Broker of Record for Saratoga, Defendant owed fiduciary duties to Plaintiff, to properly take custody of, account for and turn over Plaintiff's property entrusted to Defendant.

45. At the time the representations and actions referenced herein were made through Saratoga, and while in a fiduciary capacity to Plaintiff, the Defendant knew those representations were false.

46. The Defendant did not disclose the true facts referenced herein with the intention and purpose of deceiving Plaintiff.

47. The Plaintiff justifiably relied on Defendant's status as Broker of Record.

48. As a direct and proximate result of Defendant's omissions and actions arising from Defendant's fraudulent use and conversion of Plaintiff's Hathaway Note, Plaintiff has sustained losses in excess of $265,000, accrued interest and more, in amounts according to proof.

WHEREFORE, Plaintiff prays for Judgment against Defendant as set forth herein.

## EIGHTH CLAIM FOR RELIEF
## FIDUCIARY MISCONDUCT - 11 U.S.C. § 523(a)(4)
## PEARSON NOTE

49. Plaintiffs incorporate the allegations set forth in Paragraphs 1-12 above as though fully set forth herein.

50. As the Broker of Record for Saratoga, Defendant owed fiduciary duties to Plaintiff,

COMPLAINT TO DETERMINE DISCHARGEABILITY
OF DEBT                                                  (Case No. 13-55642-ASW ) Adv. Pro.
C:\Users\Steven J. Sibley\Documents\Cases\Katz A\COMPLAINT.wpd

Case: 14-05018    Doc# 1    Filed: 02/10/14    Entered: 02/10/14 16:16:36    Page 9 of 13

to properly take custody of, account for and turn over Plaintiff's property entrusted to Defendant.

51. At the time the representations and actions referenced herein were made through Saratoga, and while in a fiduciary capacity to Plaintiff, the Defendant knew those representations were false.

52. The Defendant did not disclose the true facts referenced herein with the intention and purpose of deceiving Plaintiff.

53. The Plaintiff justifiably relied on Defendant's status as Broker of Record.

54. As a direct and proximate result of Defendant's omissions and actions arising from Defendant's fraudulent use of Plaintiff's Pearson Note, Plaintiff has sustained losses in excess of $134,021.74, accrued interest and more, in amounts according to proof.

WHEREFORE, Plaintiff prays for Judgment against Defendant as set forth herein.

### NINTH CLAIM FOR RELIEF
### EMBEZZLEMENT - 11 U.S.C. § 523(a)(4) - HATHAWAY NOTE

55. Plaintiff incorporates the allegations in paragraphs 1 through 12 of the Complaint as though fully set forth herein.

56. Plaintiff's money, property and credit as described herein as the HATHAWAY NOTE were rightfully in the possession of Defendant in his capacity as Broker of Record of Saratoga.

57. However, and based on the allegations set forth herein, Defendant appropriated and used Plaintiff's Hathaway Note investment, and the proceeds thereof for uses other than which such money, property and credit were entrusted to Defendant;

58. At the time the Defendant was entrusted with Plaintiff's Hathaway Note investment, Defendant omitted representations and took actions referenced herein that Defendant was utilizing Plaintiff's assets for improper purposes.

59. The Defendant omitted the representations and took actions referenced herein with the intention and purpose of deceiving Plaintiff.

60. The Plaintiff justifiably relied on Defendant's required duties as Broker of Record for

Saratoga.

61. As a direct and proximate result of Defendant's omissions and actions arising from Defendant's fraudulent use of Plaintiff's Hathaway Note investment, Plaintiff has sustained losses in excess of $265,000, accrued and unpaid interest and more in amounts according to proof.

WHEREFORE, Plaintiff prays for Judgment against Defendant and as set forth herein.

## TENTH CLAIM FOR RELIEF

## EMBEZZLEMENT - 11 U.S.C. § 523(a)(4) - PEARSON NOTE

62. Plaintiff incorporates the allegations in paragraphs 1 through 12 of the Complaint as though fully set forth herein.

63. Plaintiff's money, property and credit as described herein as the PEARSON NOTE were rightfully in the possession of Defendant in his capacity as Broker of Record of Saratoga.

64. However, and based on the allegations set forth herein, Defendant appropriated and used Plaintiff's Pearson Note investment, and the proceeds thereof for uses other than which such money, property and credit were entrusted to Defendant;

65. At the time the Defendant was entrusted with Plaintiff's Pearson Note investment, Defendant omitted representations and took actions referenced herein that Defendant was utilizing Plaintiff's assets for improper purposes.

66. The Defendant omitted the representations and took actions referenced herein with the intention and purpose of deceiving Plaintiff.

67. The Plaintiff justifiably relied on Defendant's required duties as Broker of Record for Saratoga.

68. As a direct and proximate result of Defendant's omissions and actions arising from Defendant's fraudulent use of Plaintiff's Pearson Note investment, Plaintiff has sustained losses in excess of $134,021.74, accrued and unpaid interest and more in amounts according to proof.

WHEREFORE, Plaintiff prays for Judgment against Defendant and as set forth herein

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT
C:\Users\Steven J. Sibley\Documents\Cases\Katz A\COMPLAINT.wpd
(Case No. 13-55642-ASW ) Adv. Pro.

Case: 14-05018    Doc# 1    Filed: 02/10/14    Entered: 02/10/14 16:16:36    Page 11 of 13

## ELEVENTH CLAIM FOR RELIEF

### WILLFUL AND MALICIOUS INJURY - 11 U.S.C. § 523(a)(6) - HATHAWAY NOTE

69. Plaintiff incorporates the allegations set forth in paragraphs 1-12 as though fully set forth herein.

70. In undertaking the actions and omissions as alleged herein, Defendant had a subjective motive to inflict the injury to Plaintiff or Defendant believed that the injury to Plaintiff was substantially certain to occur as a result of Defendant's conduct.

71. The omissions and actions undertaken by Defendant described herein amounted to conversion of Plaintiff's Hathaway Note investment which were and are wrongful acts, intentionally done by Defendant, that Defendant committed without just cause and excuse; and that such actions necessarily and did cause injury to Plaintiff.

72. As a direct and proximate result of Defendant's actions as alleged herein, Plaintiff has sustained losses in excess of $265,000, accrued and unpaid interest and more, in amounts according to proof.

WHEREFORE, Plaintiff prays judgment against Defendant, as set forth herein

## TWELFTH CLAIM FOR RELIEF

### WILLFUL AND MALICIOUS INJURY - 11 U.S.C. § 523(a)(6) - PEARSON NOTE

73. Plaintiff incorporates the allegations set forth in paragraphs 1-12 as though fully set forth herein.

74. In undertaking the actions and omissions as alleged herein, Defendant had a subjective motive to inflict the injury to Plaintiff or Defendant believed that the injury to Plaintiff was substantially certain to occur as a result of Defendant's conduct.

75. The omissions actions undertaken by Defendant described herein amounted to conversion of Plaintiff's Pearson Note investment which were and are wrongful acts, intentionally done by Defendant, that Defendant committed without just cause and excuse; and that such actions necessarily and did cause injury to Plaintiff.

76. As a direct and proximate result of Defendant's actions as alleged herein, Plaintiff

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT (Case No. 13-55642-ASW ) Adv. Pro.
C:\Users\Steven J. Sibley\Documents\Cases\Katz A\COMPLAINT.wpd

Case: 14-05018    Doc# 1    Filed: 02/10/14    Entered: 02/10/14 16:16:36    Page 12 of 13

has sustained losses in excess of $134,021.74, accrued and unpaid interest and more, in amounts according to proof.

WHEREFORE, Plaintiff prays judgment against Defendant, as set forth herein

PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant Judgment against Defendant, as follows:

1. For Judgment in Plaintiff's favor in amounts according to proof, and a determination that such amounts are non-dischargeable pursuant to 11 U.S.C. 523(a), et seq.

2. For turnover of all Plaintiff's property and assets, including but not limited to financial accounts and records, and for Defendant to account for all of Plaintiff's money, property, assets and credit improperly utilized as set forth herein;

3. For exemplary and punitive damages, to extent available and based on Plaintiff's damages according to proof;

4. That defendant's fraud, misrepresentation and deceit, made with intent to defraud resulted in Defendant's conversion of Plaintiff's property and conversion of trust funds owned by Plaintiff, that arose directly out of transactions in which defendant, while a licensed real estate broker, performed acts for which a California real estate license was required

5. For costs of suit,

6. For prejudgment interest;

7. Attorney's fees and costs, to the extent available by contract, statute or other legal principle, and,

8. Such other and further relief as may be just and proper.

Dated: February 10, 2014      DINAPOLI & SIBLEY

By: */s/ Steven J. Sibley*

STEVEN J. SIBLEY, Attorney for Plaintiff

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT
C:\Users\Steven J. Sibley\Documents\Cases\Katz A\COMPLAINT.wpd

(Case No. 13-55642-ASW ) Adv. Pro.